1

2

3

4                            UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6                                    SAN JOSE DIVISION

7

8    LATOYA WATKINS,                          Case No.  24-cv-04452-VKD

                    Plaintiff,
9
                                              **ORDER DENYING PLAINTIFF'S
10         v.                                 MOTION TO REMOVE NAME FROM
                                              PUBLICLY FILED DOCUMENTS**
11   CONCENTRA HEALTH SERVICES,
     INC.,                                    Re: Dkt. No. 28
12
                    Defendant.
13

14         In June 2024, La Toya Watkins filed the present employment action in state court,

15   asserting state law and common law claims complaining of (1) discrimination based on "race,

16   cultural background and color"; (2) retaliation (after she complained to defendant about

17   discrimination); (3) failure to investigate and prevent discrimination and retaliation; and

18   (4) defamation based on allegedly false statements defendant made to prospective employers about

19   the reason for her termination.  *See* Dkt. No. 1.  In July 2024, defendant removed the action to this

20   court, asserting federal diversity jurisdiction, 28 U.S.C. § 1332.  *See id.*  After Ms. Watkins

21   advised that the parties reached a settlement (*see* Dkt. No. 24), and upon the parties' stipulation,

22   the case was dismissed with prejudice on March 25, 2025.  *See* Dkt. Nos. 26, 27.[1]

23         On November 19, 2025, Ms. Watkins[2] filed the present motion to re-open the case for the

24   purpose of "amending the record to remove [her] full legal name from publicly accessible filings

25

26   [1] All parties expressly consented that all proceedings in this matter may be heard and finally
     adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 9.

27   [2] Although Ms. Watkins was represented by counsel throughout the litigation, she appears to have
28   filed the present motion on her own behalf.

United States District Court
Northern District of California

and replac[ing] it with the initials 'L.W.'"  Dkt. No. 28 at ECF 1.  The Court has received no response to the motion, and the time for filing a response has passed.  *See* Civil L.R. 7.  The matter is deemed suitable for determination without oral argument.  *See* Civil L.R. 7-1(b).  For the reasons discussed below, Ms. Watkins's motion to remove her name from publicly filed documents is denied.

Federal courts have long recognized the public's right of access to judicial proceedings. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7, 598 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Noting "the paramount importance of open courts," the Ninth Circuit has stated that "[t]he normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042, 1046 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring title of complaint to "name all the parties").  The "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint include the names of all the parties."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quotations omitted).

"Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'"  *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Advanced Textile*, 214 F.3d at 1068).  Anonymity may be permitted when identification creates a "risk of retaliatory physical or mental harm"; "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; or where the party seeking anonymity "is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution."  *Advanced Textile*, 214 F.3d at 1068 (cleaned up); *see also UNUM Life Ins.*, 164 F. Supp. 3d at 1144 (same).  Where a party requests that a pseudonym be used to shield against retaliation, courts consider (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, and (4) whether the public's interest in the case would be best served by requiring that the litigants

United States District Court
Northern District of California

1    reveal their identities. *Advanced Textile*, 214 F.3d at 1068. "However, the Ninth Circuit has made

2    clear that use of a pseudonym should only be permitted occasionally and in 'unusual' cases."

3    *UNUM Life Ins.*, 164 F. Supp. 3d at 1144-45 (quoting *Advanced Textile*, 214 F.3d at 1067).

4        As the present action is closed, prejudice (if any) to defendant due to the redaction of Ms.

5    Watkins's name from filings would appear to be negligible. The question then is whether Ms.

6    Watkins has demonstrated that her interest in retroactively replacing her full name with her initials

7    overrides the public's interest in open court proceedings and its right of access to such

8    proceedings.

9        There is no indication that Ms. Watkins's request is based on any threat of physical or

10    mental harm, or that she faces any risk of criminal prosecution. Nor is it apparent on the record

11    presented that this litigation was of such a sensitive or private nature that anonymity is warranted,

12    or that Ms. Watkins is particularly vulnerable. *See, e.g., Reis v. McKinsey & Co., Inc.*, No. 25-cv-

13    00393-LB, 2025 WL 1809737, at *3 (N.D. Cal. June 30, 2025) (denying permission to proceed

14    under pseudonym in "case involv[ing] pregnancy discrimination, not sensitive privacy

15    interests . . ."). *Cf. Advanced Textile*, 214 F.3d at 1070-71 (workers fearing retaliation for

16    participation in labor standards class action against employer may be entitled to anonymity where

17    there was evidence of extraordinary and severe harm, including deportation and possible

18    imprisonment); *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (permitting use of

19    pseudonym to protect prison inmate cooperating as a government witness); *D.A. v. Roblox Corp.*,

20    No. 25-cv-08866-JST, 2025 WL 2961796 (N.D. Cal. Oct. 20, 2025) (permitting plaintiffs to

21    proceed under pseudonyms in matter concerning sexual exploitation of minors); *Doe v. City &

22    Cnty. of San Francisco*, No. 25-cv-02976-AGT, 2025 WL 986470 (N.D. Cal. Apr. 2, 2025)

23    (permitting plaintiff, with serious mental health and substance abuse conditions and self-injurious

24    behavior, to proceed anonymously in civil rights matter involving plaintiff's involuntary mental

25    health hold and psychiatric institutionalization); *Doe v. City & Cnty. of San Francisco*, No. 16-cv-

26    06950-KAW, 2017 WL 1508982 (N.D. Cal. Apr. 27, 2017) (permitting plaintiff to proceed

27    pseudonymously due to HIV-positive status). At no time during the pendency of the present

28    action did Ms. Watkins seek leave to litigate the matter pseudonymously. While the parties

1    entered into a stipulated protective order (*see* Dkt. No. 16), which would have been sufficient to

2    address any privacy concerns, no one contended that sealing was warranted for any documents

3    filed with the Court.

4           The harm Ms. Watkins identifies is economic in nature.  Stating that she has not obtained

5    gainful employment for more than a year, Ms. Watkins expresses concern that "[p]rospective

6    employers routinely conduct internet searches during background checks."  Dkt. No. 28 at ECF 2,

7    3.  She asserts that "[t]he public visibility of [her] full name in connection with this federal case"

8    has caused several prospective employers "to discontinue the hiring process or withdraw interest

9    entirely," *id.,* although she does not explain why she believes that her filing of this action, its

10   nature, or its resolution harm her prospects for employment.  The Ninth Circuit has noted that

11   "when a plaintiff faces economic rather than physical harm, the harm must be 'extraordinary' to

12   justify granting anonymity."  *Giufu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 514

13   (N.D. Cal. 2010) (citing *Advanced Textile*, 214 F.3d at 1070-71).  While economic harm is not

14   "irrelevant to the question of whether plaintiffs may proceed anonymously," *Advanced Textile*,

15   214 F.3d at 1070, courts have concluded that anonymity is not warranted where concerns

16   regarding economic harm or professional repercussions are similar to those faced by plaintiffs

17   alleging similar claims.  *See, e.g., Roe v. DISA Glob. Sols., Inc.*, No. 2:24-cv-08380-MCS-PVC,

18   2025 WL 643623, at *2 (C.D. Cal. Jan. 13, 2025) (plaintiff's assertions regarding retaliation for

19   suing prospective employers did not warrant anonymity where the same "could be said as to any

20   plaintiff who brings a public lawsuit for discrimination in employment."); *Yeh v. Mayorkas*, No.

21   4:24-cv-00797-KAW, 2024 WL 2263392, at *2 (N.D. Cal. Apr. 22, 2024) ("While the Court

22   understands that Plaintiff fears for her personal safety, and that she may suffer professional

23   repercussions from prosecuting this case, this does not arise to the special circumstances in which

24   courts permit plaintiffs to proceed anonymous[ly].  Indeed, employment discrimination cases

25   frequently involve private information and may negatively affect the plaintiff's career prospects.")

26   (citation omitted); *Doe v. Apstra, Inc.*, No. 18-cv-04190-WHA, 2018 WL 4028679, at *2 (N.D.

27   Cal. Aug. 23, 2018) (employment discrimination plaintiff's concerns regarding "professional

28   stigmatization and negative job prospects" do not warrant anonymity where such professional

1   harm "is similar to that faced by many plaintiffs" who allege employment discrimination); *Giufu*

2   *Li*, 270 F.R.D. at 517 (anonymity not warranted for putative class members in labor class action

3   against employer where asserted concerns regarding termination and retaliation, while reasonable,

4   were not extraordinary or unusual); *see also Doe v. State Farm Gen'l Ins. Co.*, No. 23-cv-04734-

5   JSC, 2024 WL 4894850, at *3 (N.D. Cal. Nov. 26, 2024) (anonymity not warranted in insurance

6   fraud case regarding lost wristwatch; otherwise "plaintiffs could proceed anonymously virtually

7   anytime they challenge an insurer's denial of coverage on the basis of a material

8   misrepresentation, which would be contrary to the Ninth Circuit's mandate that parties 'use

9   pseudonyms in the unusual case.'") (quoting *Advanced Textile*, 214 F.3d at 1067); *Newell v.*

10  *Newsom*, No. 2:20-cv-08935-FLA (JEMx), 2023 WL 4494833, at *2 (C.D. Cal. June 29, 2023)

11  (denying motion to re-open civil rights case and redact plaintiff's personal information where

12  plaintiff did "not demonstrate the threatened harm is more severe than that of any other plaintiff

13  alleging similar claims.").  The reasonableness of Ms. Watkins's expressed concerns about

14  negative impacts to potential future employment are questionable.  *See Newell*, 2023 WL 4494833

15  at *2 ("Plaintiff does not demonstrate he has been threatened simply by virtue of losing out on

16  employment he never secured.")  In any event, there is no indication that her concerns are different

17  from those of any other plaintiff who claims employment discrimination.  Ms. Watkins has not

18  shown that this case is unusual or exceptional as to warrant anonymity.

19       Nor has Ms. Watkins demonstrated that, as a plaintiff who pursued ordinary employment

20  litigation, she is particularly vulnerable to retaliation.  *See Newell*, 2023 WL 4494833 at *2

21  ("When courts do make a ruling to allow anonymity, it is typically upon some showing of great

22  vulnerability by the movant."); *see also, e.g., Advanced Textile*, 214 F.3d at 1070-71

23  (undocumented workers facing extraordinary and severe harm, including deportation and possible

24  imprisonment); *Doe*, 655 F.2d at 922 n.1 (prison inmate cooperating as a government witness);

25  *Roblox Corp.*, 2025 WL 2961796 at *1 (sexually exploited minors); *Doe,* 2025 WL 986470 at *1

26  (plaintiff with serious mental health and substance abuse conditions); *Doe*, 2017 WL 1508982 at

27  *2 (plaintiff with HIV-positive status).

28       Ms. Watkins has not shown that her stated need for anonymity is unusual or extraordinary

United States District Court
Northern District of California

1   so as to outweigh the public's interest in open court proceedings. Even as to judicial proceedings

2   that are closed, the strong public policy in favor of open courts is supported by the "public interest

3   in understanding the judicial process" and a "general right to inspect and copy public records and

4   documents." *Kamehameha Schs.*, 596 F.3d at 1042-43 (quotations and citation omitted). Noting

5   that "[i]dentifying the parties to the proceeding is an important dimension of publicness," the

6   Ninth Circuit has recognized that "[t]he people have a right to know who is using their courts."

7   *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (quotations and citation omitted);

8   *see also Apstra*, 2018 WL 4028679, at *1 ("And, importantly, there is a strong public policy in

9   favor of openness of our court system, and the public is entitled to know who is seeking relief.");

10  *UNUM Life Ins.*, 164 F. Supp. 3d at 1142 ("Some litigants and witnesses prefer anonymity

11  because of the unwanted attention litigation can bring. But the strong presumption is that the

12  public has a right to know who is seeking what in court and whether he or she is entitled to the

13  relief sought."). Prospective employers are members of the public entitled to inspect the public

14  documents of record in this litigation. Ms. Watkins has not demonstrated that her stated need for

15  anonymity warrants an order that would prevent prospective employers from learning about this

16  litigation, the fact that she filed it, its nature, or its resolution. Indeed to permit Ms. Watkins to

17  retroactively remove her name from these public proceedings in the circumstances presented here

18  would contravene the Ninth Circuit's mandate that a party's use of pseudonyms is reserved for

19  "the 'unusual' case." *Advanced Textile*, 214 F.3d at 1067.

20      Based on the foregoing, Ms. Watkins's motion to re-open this action and remove her name

21  from all publicly filed documents is denied.

22      **IT IS SO ORDERED.**

23  Dated: January 14, 2026

24

25

26  Virginia K. DeMarchi
    United States Magistrate Judge

27

28